# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ALEXIS GONZALEZ,<br>    Appellant, | DOCKET NUMBER<br>NY-315H-14-0239-I-1 |
| v. | |
| DEPARTMENT OF JUSTICE,<br>    Agency. | DATE: November 18, 2014 |

# THIS ORDER IS NONPRECEDENTIAL[*]

Sidney Baumgarten, Esquire, New York, New York, for the appellant.

Tara Roberts, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction his appeal of his termination during his probationary period.  For the reasons discussed below, we GRANT the

___

[*]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

appellant's petition for review, VACATE the initial decision, and REMAND the case to the field office for further adjudication in accordance with this Order.

¶2        Effective March 24, 2013, the agency appointed the appellant to a GL-05 Correctional Officer position in the competitive service subject to the successful completion of a 1-year probationary period. Initial Appeal File (IAF), Tab 5 at 12-14. By notice dated March 20, 2014, the agency informed the appellant that he was terminated during his probationary period, "effective midnight on March 21, 2014," based on alleged misconduct. *Id.* at 34-36, 42.

¶3        On appeal, the appellant asserted that he completed his probationary period when he finished his tour of duty on March 20, 2014. IAF, Tab 10. The administrative judge, however, found that the appellant was still a probationer when his termination became effective. Initial Decision (ID) at 3. Because the appellant was terminated for post-appointment reasons and did not make a nonfrivolous allegation that his termination was based on marital status discrimination or partisan political reasons, the administrative judge dismissed the appeal for lack of jurisdiction. ID at 5-6. The appellant petitions for review of the initial decision and the agency responds in opposition to the appellant's petition. Petition for Review (PFR) File, Tabs 1, 3.

¶4        A probationary period ends at the completion of the last day of the employee's tour of duty before his anniversary date. *Herring v. Department of Veterans Affairs*, 72 M.S.P.R. 96, 100 (1996); 5 C.F.R. § 315.804(b). We cannot determine from the record when the appellant's probationary period ended. His anniversary date was March 24, 2014, and so he would have completed probation when he finished his last tour of duty on or before March 23, 2014. In order to take advantage of the procedures applicable in probationer cases, the agency had to have made the appellant's termination effective before the moment he finished his last tour of duty on or before March 23, 2014. *See Ward v. Department of Agriculture*, 60 M.S.P.R. 306, 308 (1994). The termination was effective at midnight on March 21, 2014. Therefore, if the appellant was scheduled to work

on March 21, 22, or 23, 2014, he was terminated before the end of his probationary period. While both the appellant's and the agency's representatives have expressed their views about the appellant's work schedule on those 3 days, they have not done so in the form of evidence but in the form of unsworn statements made in pleadings. *See Hendricks v. Department of the Navy*, 69 M.S.P.R. 163, 168 (1995) (the statements of a party's representative in a pleading do not constitute evidence).

¶5      There is no evidence in the record concerning whether the appellant was scheduled to work on any or all of those 3 days. Moreover, the agency has presented some evidence on review to show that the appellant was working in a relief post, and did not necessarily have a regular schedule with the same days off every week, PFR File, Tab 3 at 6-7, and it is not at all clear whether the appellant had a schedule that was established in advance.

¶6      The appellant has the burden of proving the Board's jurisdiction over his appeal. *See, e.g.*, *Baggan v. Department of State*, 109 M.S.P.R. 572, ¶ 4 (2008). Therefore, it is his burden to prove that he was not scheduled to work on March 21, 22, or 23, 2014. In light of the fact that the appellant first argued that he had completed his probationary period in a pleading filed 2 days before the administrative judge issued the initial decision, which deprived the agency of an opportunity to respond below, and because there is an issue of material fact that bears substantially on the question of jurisdiction that neither party has fully addressed, we find it appropriate under the circumstances of this case to remand the appeal for further development of the record including a jurisdictional hearing. *Cf. Boechler v. Department of the Interior*, 109 M.S.P.R. 619, ¶ 16 (2008) (the Board has an interest in ensuring that jurisdictional determinations are correct), *aff'd*, 328 F. App'x 660 (Fed. Cir. 2009).

## **ORDER**

For the reasons discussed above, we REMAND this case to the field office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.